```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT


MARK BANKS                     :
                               :              PRISONER
     v.                        :    Case No. 3:09cv875(AWT)
                               :
WARDEN                         :
```

RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Mark Banks, who is currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, commenced this action for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his state court conviction on the grounds that the trial court failed to suppress in-court and out-of-court identifications and he was afforded ineffective assistance of trial counsel.

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. Second, he must have utilized all available means to secure appellate review of his claims. See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir.), cert. denied,

544 U.S. 1025 (2005).

The petitioner raised four issues on direct appeal. The first issue on direct appeal, and the first ground for relief contained in this petition, was the failure to suppress in-court and out-of-court identifications. See State v. Banks, 59 Conn. App. 112, 113-14, 755 A.2d 951, 953 (2000). When the petitioner filed his petition for certification to the Connecticut Supreme Court, however, he included only three issues. He did not seek review of his claim that the trial court acted improperly when it refused to suppress the in-court and out-of-court identifications of the petitioner by the witnesses. See Resp't's Mem. App. F at 1. Thus, the petitioner has not exhausted his state court remedies on the first ground for relief because he has not presented that issue to the highest state court capable of reviewing the claim.

The respondent argues that the petitioner has procedurally defaulted on this claim because the time for filing a petition for certification has long passed. Although the Connecticut rules of practice provide that a petition for certification to the Connecticut Supreme Court must be filed within twenty days, see Conn. Practice Book § 84-4, the rules also indicate that the Connecticut Supreme Court can choose to entertain a late petition. See Conn. Practice Book § 60-2 (providing that the court may permit a party, for good cause shown, to file a late

petition for certification); see also, e.g., Foote v. Warden, No. CV054000266S, 2009 WL 942324 at *7 (Conn. Super. Ct. Mar. 16, 2009) (noting that petitioner was granted permission to file a late petition for certification to the Connecticut Supreme Court). The possibility that the petitioner could be permitted to file a late petition for certification on this issue renders the respondent's procedural default argument premature.

The respondent also argues that the petitioner's second ground for relief, ineffective assistance of trial counsel, may not be fully exhausted. Before the federal court will consider a claim of ineffective assistance of counsel, the allegations must have been presented to the state courts to allow those courts "the opportunity to consider all the circumstances and the cumulative effect of the claims as a whole." Caballero v. Keane, 42 F.3d 738, 740-41 (2d Cir. 1994) (internal quotation marks omitted; emphasis in original). Adding new factual allegations at the federal level may change the claims that were presented at the state level and render the claim unexhausted; the state courts would not have been apprised of "both the factual and legal premises" of the federal claim. Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997).

In his second amended habeas corpus petition in state court, the petitioner alleged that trial counsel was ineffective because he failed to vigorously cross-examine witnesses during the

suppression hearing, argue with adequate vigor the motions to sever or join the various cases, cross-examine certain witnesses at trial and fully investigate an alibi defense. See Resp't's Mem. App. M at 6. The state court denied the petition.

The petitioner raised three issues on appeal to the Connecticut Appellate Court: (1) whether the trial court abused its discretion when it denied certification to appeal; (2) whether the trial counsel was ineffective when he failed to cross-examine a witness with sufficient vigor and competence at the suppression hearing; and (3) whether trial counsel was ineffective when he failed to adequately argue that the cases should be severed and failed to seek a trial on the nolled case. See Resp't's Mem. App. N. The Connecticut Appellate Court dismissed the appeal, without comment. See Banks v. Commissioner of Correction, 111 Conn. App. 902, 959 A.2d 1091 (2008)(per curiam).

The petitioner sought certification from the Connecticut Supreme Court on two issues: whether he failed to meet his burden of persuasion that the denial of certification was an abuse of discretion and whether he was denied effective assistance of counsel when trial counsel failed to insist that the nolled charges be tried to a jury. See Resp't's Mem. App. P. Thus, the petitioner has exhausted his state remedies only with respect to the claim that trial counsel was ineffective when he

4

failed to insist that the nolled charges be tried to a jury.

The petitioner states in his federal petition that he was afforded ineffective assistance of trial counsel and attaches a copy of his second amended state habeas petition.  Thus, the court assumes that he intended to assert all of the examples of ineffective assistance of counsel contained in his state petition.  In reply to the respondent's memorandum, however, he states that he asserts the claims of ineffective assistance of counsel that he raised before the Connecticut Appellate Court.  At this time, the court need not determine precisely which ineffective assistance of counsel claims are included in the federal petition because the petitioner did not include all of the claims included in the second amended state petition or raised before the Connecticut Appellate Court in his petition for certification to the Connecticut Supreme Court.  Thus, he has not exhausted his state remedies on all of his ineffective assistance of counsel claims.

This is a mixed petition containing only one exhausted claim.  Traditionally, a mixed petition is dismissed without prejudice to refiling another federal habeas corpus action after all claims have been exhausted. Slack v. McDaniel, 429 U.S. 473, 486 (2000).  In light of the one-year limitations period for filing a federal habeas action, the Second Circuit has directed district courts not to dismiss a mixed petition if an outright

5

dismissal would preclude petitioner from having all of his claims addressed by the federal court.  See Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court).

The Connecticut Supreme Court's decision denying certification was filed in January 2009, over one year ago. Thus, if the court were to dismiss this action outright, the petitioner would be unable to file another federal habeas petition after he exhausts his state remedies.  Accordingly, the court will dismiss this case without prejudice to the petitioner filing a motion to reopen.

The Petition for Writ of Habeas Corpus [**Doc. #1**] is hereby **DISMISSED** without prejudice for failure to exhaust state remedies on all grounds for relief.  The petitioner may move to reopen this action after utilizing all available means to obtain appellate review of his claims.  The motion to reopen shall be filed within **thirty (30)** days from the decision of the Connecticut Supreme Court.

Because reasonable jurists would not find it debatable that the petitioner failed to exhaust his state court remedies, a certificate of appealability will not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Clerk is directed to enter judgment and close this case.

It is so ordered.

Dated this 24th day of February 2010, at Hartford, Connecticut.

>          /s/AWT
>       Alvin W. Thompson
>   United States District Judge